```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

MARIO DIBLASIO, M.D. and
MARIO DIBLASIO, M.D., P.C.,

                        Plaintiffs,

        -against-                                01 Civ. 4498 (SCR)(GAY)

ANTONIA C. NOVELLO, in her individual capacity,
and LISA HAMPTON in her individual capacity,

                        Defendants.
-----------------------------------------------------------------------x
```

## MEMORANDUM DECISION AND ORDER

Presently before the Court are a number of discovery disputes. The Court rules as follows:

1. <u>Depositions</u>

Plaintiffs seek to take limited depositions of attorneys Greenberg, Murphy and Van Buren. Defendants oppose said requests as untimely, unnecessary, and beyond the presumptive ten depositions per side limit. The Court has considered the letter briefs submitted by the parties and heard oral argument in this matter.

The Court will exercise its discretion to allow limited depositions of said attorneys. The depositions shall be limited to the legal advice, if any, given by said attorneys to defendant Novello concerning the summary suspension and press comments. The mental processes and work product of said attorneys are not proper grounds for the depositions.

2. <u>Request for Admissions</u>

Plaintiffs objects to the responses they received from the defendants as to requests for admissions numbers 4, 7, 8, 9, and 10. Plaintiffs also object to the response to interrogatory number 1. Plaintiffs contend that the responses of the defendants do not comply with the federal rules, Fed. R. Civ. P. 36, 33. Defendants contend the requests were improper and that, in any event, the responded as best they could under the circumstances.

The "requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny, without an explanation for purposes of clarification." <u>Henry v. Champlain Enterprises, Inc.</u>, 212 F.R.D. 73, 77 (N.D.N.Y. 2003). A responding party may object to a request and "set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." <u>Herrera v. Scully</u>, 143 F.R.D. 545, 548 (S.D.N.Y. 1992).

The Court, upon reviewing the said requests and responses, concludes that the responses are proper under the circumstances herein. Defendants appear to have responded to the discovery requests as best they could. The Court also notes that depositions of the counsel identified as giving legal advice to defendant Novello have been permitted. Accordingly, the application of the plaintiffs to direct a further response of the defendants to the discovery requests is denied.

3. <u>Request for Documents</u>

Plaintiffs seek to have disclosed to them all documents that reflect legal advice given by the aforesaid attorneys to defendant Novello regarding the issues herein. The Court

has reviewed *in camera* privilege log numbers 52, 227, 247, 251, 252, 256, 546, and 642, identified by plaintiffs. Said documents do not involve legal advice given to defendant Novello and are privileged. It is also noted that the documents on the privilege logs have been previously reviewed *in camera* and determined to be privileged and not subject to discovery.

SO ORDERED:

Dated: May 17, 2006
White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.